UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Ira Alexander Stafford, | Civil Action File No. |
| Plaintiff, | |
| vs. | COMPLAINT |
| The City of Minneapolis, The Minneapolis Police Department, Officer Joel Pucely, Officers John Doe and Ron Roe and other unidentified members of The Minneapolis Police Department, | JURY TRIAL DEMANDED |
| Defendants. | |

---

Plaintiff, Ira Alexander Stafford, for his cause of action against the above-named Defendants, alleges and states as follows:

## INTRODUCTION

This is an action for damages arising out of an incident which occurred on August 14, 2009. The incident occurred near the intersection of Lowry and Bryant Avenue North located in the County of Hennepin, State of Minnesota, where Defendant City of Minneapolis Police Officer Joel Pucely, in concert with other unidentified Minneapolis police officers, acting in the course and scope of their official capacity and under color of state law, without reasonable justification, used excessive force and deadly force to stop, detain and arrest Ira Stafford. Furthermore, the Defendant Officers, without justification, intentionally and brutally assaulted, and inflicted emotional distress, on Ira Stafford, when he posed no objective risk of substantial bodily harm or death to any individual. That as a direct and proximate result of the use of unreasonable and excessive force, Ira

1

Stafford sustained an abrasion near his hairline, and multiple applications of the officers' taser after being thrown to the ground. Ira Stafford suffered the deprivation of constitutional rights and pecuniary losses.

Stafford alleges claims under 42 U.S.C. 1983 against the Defendants for violating his constitutional rights, including, but not limited to, the right not to be subjected to unreasonable and excessive force by peace officers and to arrest without probable cause, and Stafford's rights to due process under the 14th Amendment. Stafford's claims are based upon Defendant Officers' use of excessive force and arrest without probable cause.

Stafford alleges that the Defendant Officers used excessive force by repeatedly using a taser stun gun after already Stafford was subdued, which the officers used with the purpose of causing, or should reasonably know creates a substantial risk of causing, death or great bodily harm.

Stafford alleges claims against the City of Minneapolis under State law for vicarious liability and direct liability for negligently hiring, training, supervising, controlling and retaining the Defendant Officers. Plaintiff seeks compensatory damages and statutory attorneys' fees from the City of Minneapolis.

Stafford alleges that Defendant Joel Pucely initiated the stop without a legitimate reason and relied solely upon the Plaintiffs race, ethnicity, or national origin, violating his Fourth Amendment of the U.S. Constitution which guarantees the right to be safe from unreasonable search and seizure without probable cause and the Fourteenth Amendment which requires that all citizens be treated equally under the law.

Defendant Joel Pucely and the unidentified Defendant Officers, for all times material and relevant was an employee, agent and/or servant for the City of Minneapolis. At all times

relevant and material to this action, Defendant Joel Pucely and the other Defendant Officers claimed to be acting in such capacity and within the course and scope of their official employment duties and under color of state law.

Plaintiff alleges claims against the Defendant Officers for assault and battery, and wrongful arrest, and against the City of Minneapolis for vicarious liability for the actions of the Defendant Officers.

The Defendants are not entitled to the defense of qualified immunity based upon the Plaintiff not posing direct threat of death or serious injury.

Stafford demands a jury trial.

## THE PARTIES

Plaintiff, Ira Stafford, (Stafford) is a resident of Minneapolis, Minnesota.

Defendant, Joel Pucely is believed to be a police officer, employed by The City of Minneapolis, Minnesota.  Defendants John Doe, Ron Roe and other unnamed individuals are other officers of the Minneapolis Police Department who responded to the scene, whose identities are not disclosed in any police reports and unknown at this time to Stafford.

The Minneapolis Police Department is a division of the City of Minneapolis, Minnesota, and employs Officer Joel Pucely and the other unidentified police officers (Defendant Officers).  At all times relevant and material to this action, the Defendant Officers were acting in their official capacity as police officers for the City of Minneapolis, under color of state law, and within the course and scope of their duties.  Each individual officer is sued in both individual and official capacity.

3

The City of Minneapolis is a statutory municipality and is the employer of Defendant Police Officer Joel Pucely and the unidentified police officers, and is responsible for his hiring, training, retention, control, and supervision. That Defendant City of Minneapolis is vicariously liable for the actions of its employees, agents and servants.

## FACTS

On August 14, 2009, at approximately 4:22 a.m., Stafford was driving his motor vehicle in north Minneapolis. He had gone to a gas station and had been approached by two individuals asking for a ride. Stafford agreed to give them a ride to the area of his residence.

As Stafford drove in the area of 33rd Avenue North and Bryant Avenue North, a Minneapolis Police Department squad car passed him going the other direction. For no apparent reason, the squad car turned around to follow Stafford. The officer in the squad car, later identified as Defendant Joel Pucely, activated his light bar. Stafford pulled over and stopped near the intersection of Lowry Avenue North and Bryant Avenue North. When the vehicle stopped, the male passenger in Stafford's vehicle started to get out. The officer, using the squad car loud speaker system, ordered him to remain in the vehicle. The person immediately shut the door, remaining in the vehicle.

Other squad cars began to arrive, eventually totaling about eight units.

Defendant Officer Pucely approached Stafford's vehicle and without explanation for the reason for the stop, ordered him out of the vehicle. Stafford began to comply by opening the door to get out. Again without explanation, Defendant Officer Pucely and other officers grabbed Stafford by the arm and threw him against the area behind the driver's side door of his pick-up truck. Officers also began punching Stafford. Offcier Pucley

4

threw Stafford to the ground, despite his complete lack of resistance to the officers. This action by Officer Pucely caused Stafford to strike his head on the ground, causing him bodily injury.

On the ground, Stafford continued to attempt to comply with the demands of the officers. He was face down with his arms behind him. At least one officer had a knee in Stafford/s back, making him effectively helpless. Despite his lack of resistance and helpless position, one or more officers activated and used a taser stun gun on Stafford.

Officers then handcuffed Stafford, lifted him straight up by his arms, causing his arms to extend backwards beyond their normal range of motion, and placed him under arrest for obstructing legal process. Stafford was placed in the back seat of a squad car and transported to jail where he remained until released on August 17.

In his report, Officer Pucely alleges that the right rear brake light of Stafford' vehicle was not operating. Images from the squad car camera show that the light was, in fact, working at all times material. In his report, Officer Pucely fails to indicate that a taser stun gun was used during the incident with Stafford.

Upon reviewing the squad car video, prosecutors for the State of Minnesota dismissed the charges. The video demonstrates that the Defendant Officers had no legal basis for any of their actions in stopping, detaining, assaulting, tasing, or arresting Stafford.

The Defendants acted both negligently and intentionally in committing the above acts and causing damage and harm to Stafford. The Defendants acted deliberately, intentionally and with malice in assaulting Stafford and applying excessive force, including the unnecessary use of a taser stun gun.

5

The actions of the Defendants were in bad faith and demonstrate reckless disregard to Stafford's rights and willful indifference to his civil rights and personal safety.

As a direct and proximate result of the actions of the Defendants Officers, in the wrongful and illegal stop, the use of excessive force, and the wrongful arrest, Stafford has suffered physical and emotional harm, as well as the violations of his civil and constitutional rights, causing damages in an amount in excess of $75,000.00 (seventy-five thousand dollars).

## FEDERAL CLAIM FOR RELIEF

**COUNT 1: VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT OFFICERS**

Stafford repeats and incorporates each and every allegation contained in this complaint. Defendants, acting under color of state law, deprived Stafford of his rights, privileges and immunities secured by the U.S. Constitution and laws, in violation of 42 U.S.C. § 1983, and by committing acts in violation of the Fourth Amendment and Fourteenth Amendment protections against unreasonable stops, detentions, searches, seizures and arrests, and the Fourteenth Amendment guarantees of life, liberty and property, by undertaking a stop of Stafford without a reasonable basis or suspicion, forcibly pulling him from his vehicle without any basis, throwing him against his vehicle without justification, throwing him to the ground without justification, tasing him without justification, jerking him to his feet, and placing him under arrest without probable cause, all in the course and scope of their official capacity and while acting under color of state law.  The force utilized throughout the incident was far in excess of that reasonably necessary.  The Defendant Officers intentionally disregarded the rights and safety of Stafford, intentionally disregarded settled police procedures and Minneapolis Police

Department procedures and policies, and state law, in allowing Stafford to be stopped, assaulted and arrested without any legal basis.

As a direct result of the Defendants' conduct, Stafford has suffered the damages set forth in paragraph 25.

## COUNT 2: FAILURE BY CITY OF MINNEAPOLIS TO ADEQUATELY HIRE, TRAIN AND SUPERVISE

Stafford repeats and incorporates each and every allegation contained in this complaint. Defendant City of Minneapolis was negligent in hiring, supervising, training, controlling and retaining Defendant Pucely and the unidentified other officers in a manner constituting deliberate indifference to the Constitutional and statutory rights of Stafford. By its actions, the City of Minneapolis encouraged and implicitly authorized the Defendant Officers to illegally sop, detain, assault, and arrest Stafford depriving him of his rights under the U.S. Constitution and 42 U.S.C. § 1983.  The City of Minneapolis lacked the proper and necessary municipal policies, procedures and guidelines to control the Defendant Officers' conduct, amounting and causing to the deprivation of the civil rights of Stafford.  In addition, one or more of the Defendant Officers failed to supervise other officers on the scene, and/or to act to stop the wrongful conduct to prevent the other officers from illegally detaining, arresting and using excessive force against Stafford. As a direct result of the conduct of the City of Minneapolis, Stafford has suffered the damages set forth in paragraph 25.

## INTENTIONAL TORTS

## COUNT 3: ASSAULT AND BATTERY

Stafford repeats and incorporates each and every allegation contained in this complaint. Officer Joel Pucely and other Defendant Officers assaulted and battered Stafford.

7

The use of force by Officer Pucely and the Defendant Officers was extreme and outrageous, intentional and excessive.

As a direct result of the conduct of the Officer Pucely and the Defendant Officers, Stafford has suffered the damages set forth in paragraph 25.

### COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Stafford repeats and incorporates each and every allegation contained in this complaint.

The extreme and outrageous conduct by Officer Pucely and the other Defendant Officers, in stopping assaulting, and arresting Stafford was intentional.

The extreme and outrageous intentional conduct by the Defendant Officers has caused Stafford extreme emotional distress.

As a direct result of the conduct of the Officer Pucely and the Defendant Officers, Stafford has suffered the damages set forth in paragraph 25.

### STATE NEGLIGENCE CLAIMS AGAINST DEFENDANTS
**COUNT 5: NEGLIGENT SUPERVISION AND FAILURE TO INTERVENE**

Stafford repeats and incorporates each and every allegation contained in this complaint.

One of the Defendant Officers was in charge of the scene and responsible to supervise the conduct of the other officers at the scene.  As part of that obligation, the supervising officer had a duty to intervene to prevent the illegal stop, arrest and assault upon Stafford.

In addition, all officers at the scene had a legal obligation to intervene to prevent the illegal stop, arrest and assault upon Stafford by fellow officers.

No officer acted to stop the illegal stop, arrest and assault upon Stafford.

This failure to intervene, either in a supervisory or general capacity, was negligent

As a direct result of the conduct of the Officer Pucely and the Defendant Officers, Stafford has suffered the damages set forth in paragraph 25.

### COUNT 6: VICARIOUS LIABILITY AGAINST CITY OF MINNEAPOLIS

Stafford repeats and incorporates each and every allegation contained in this complaint. Defendant City of Minneapolis is vicariously liable for the actions of its officers and the resulting damages pursuant to the doctrine of respondeat superior and Minn. Stat. § 466.07 and other settled law.

The City of Minneapolis is, therefore, liable for the damages Stafford has suffered as set forth in paragraph 25 based upon the conduct of its officers.

**WHEREFORE,** Plaintiff demands Judgment in an amount in excess of $75,000, his costs, disbursements, attorneys fees, pre-judgment and post-judgment interest and such other relief as the Court may deem appropriate.

Dated:  July 28, 2010

### ACKNOWLEDGMENT

The undersigned hereby acknowledges that pursuant to Federal Rules of Civil Procedure 11 and/or Minnesota Statutes Section 549.211, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party,

      s/ Kenneth R. White
Kenneth R. White  (#0141525)
LAW OFFICE OF KENNETH R. WHITE, P.C.
212 Madison Avenue, Suite 200
Mankato, MN 56001
Telephone:  (507) 345-8811
Facsimile:  (507) 345-5020
Email:  kenwhite@hickorytech.net

9

        Michael B. Padden  (#177519)
        PADDEN & ASSOCIATES, P.L.L.C.
        Beacon Shores Office Park
        950 Inwood Avenue North
        St. Paul, MN  55128-6625
        Telephone:  (612) 669-4542
        Facsimile:  (952) 888-9589
        Email:  mike.padden@paddenlaw.com

        ***Attorneys for Plaintiffs***

## V E R I F I C A T I O N

STATE OF MINNESOTA    )
                             ) ss.
COUNTY OF HENNEPIN   )

     Ira Stafford, being first duly sworn, on oath deposes and states that he is the Plaintiff in the above-entitled proceeding; that he has read the foregoing Complaint and knows the contents thereof; that he knows that the contents are true, except as to those matters therein stated on information and belief, and as to those matters he believes it to be true.


  s/ Ira Stafford

Subscribed and sworn to before
me on   6/30/10   .



  s/ Colleen E. Brown
NOTARY PUBLIC

10